UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| QUENTON DARVON DAVIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-330-HAB-SLC |
| GLADIEUX, et al., | |
| Defendants. | |

OPINION AND ORDER

Quenton Darvon Davis, a prisoner without a lawyer, was ordered to show cause why he has not paid the initial partial filing fee assessed by the court. (ECF 4.) Upon review of his response and the inmate trust fund ledgers attached thereto (ECF 5), the court will discharge the show cause order and proceed to screen the complaint. Mr. Davis is reminded that he remains obligated to pay the filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr.

Davis is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Davis complains about the medical care he received while at the Allen County Jail awaiting trial.[1] He claims that around December 10, 2020, he developed an infection on his foot, causing his foot to become red and visibly swollen. He was examined by Dr. Galprin (first name unknown), a doctor at the jail, who allegedly misdiagnosed the condition as athlete's foot. He claims that Dr. Galprin prescribed an antibiotic that he was allergic to, causing him to develop hives all over his body and requiring him to be treated at an outside hospital. While at the hospital, it was also determined that he had a serious foot infection, not athletes' foot. He claims he was given intravenous antibiotics to prevent the infection from spreading to other parts of his body. He remained at the hospital for a few days. Upon his release, he was given a walking boot and crutches.

After his return from the hospital, he was housed in the jail's medical block for several days. During this period, he still had an open wound on his foot and also had open sores caused by the hives he developed from the medication. He claims that on December 21, 2020, Officer Chad Ray forced him to go back to the jail's general population and give up his walking boot. He told the officer that he still needed the boot and did not want to leave the medical block, but Officer Ray allegedly threatened

---

[1] Mr. Davis is still at the jail, but public records reflect that he was convicted of intimidation on March 19, 2021. *See State v. Davis,* 02D04-2006-F6-000756 (Allen Sup. Ct. decided Mar. 19, 2021). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). The events he describes in his complaint occurred while the criminal charge was pending.

that he would be sent to disciplinary segregation if he did not comply. It can be discerned from the complaint that Mr. Davis continued to receive wound care while housed in general population, and as far as the complaint (filed in August 2021) reveals, the foot condition has since healed. Based on these events, he sues Sheriff David Gladieux, Dr. Galprin, and Officer Ray, seeking monetary damages and other relief.

Pretrial detainees are entitled to adequate medical care under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). To state a claim, a detainee must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" related to the provision of medical care, and that the medical care received, or the denial of medical care, was "objectively unreasonable." *Id.* "[N]egligent conduct does not offend the Due Process Clause," and so allegations of negligence—even gross negligence—do not suffice. *Id.* at 353.

Mr. Davis states a plausible Fourteenth Amendment claim against Dr. Galprin. Specifically, he alleges the doctor misdiagnosed a serious foot condition as athlete's foot and gave him a medication that caused him to suffer a severe allergic reaction. He claims the hives caused permanent scarring on various parts of his body. Further factual development may show that the doctor did not have reason to know of the allergy or did not otherwise act in an objectively unreasonable fashion, but Mr. Davis has alleged enough to proceed past the pleading stage against the doctor.

As for Officer Ray, he is a non-medical staff member at the jail, and he was entitled to defer to medical providers about the appropriate treatment for Mr. Davis's foot. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Although Mr. Davis disagreed

with the officer's actions, there is no factual content in the complaint from which the court can plausibly infer that Officer Ray confiscated the boot over the advice of medical staff at the jail, or that any medical professional at the jail ordered that Mr. Davis was to remain in the medical block. Mr. Davis alleges that he was given crutches when he was released from the hospital, and there is nothing in the complaint to reflect that Officer Ray confiscated the crutches. The complaint also reflects that Mr. Davis continued to receive wound care after he returned to general population and as far as the complaint reveals, his condition healed. He has not alleged a plausible Fourteenth Amendment claim against Officer Ray.

Finally, he sues Sheriff Gladieux as the official overseeing operations at the jail. For a defendant to be held liable under 42 U.S.C. § 1983, he or she must have been personally involved in the violation of the plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and an individual cannot be held liable simply because they oversee operations in a correctional facility or supervise other staff. *Burks*, 555 F.3d at 596. A supervisory correctional official can be held liable for a constitutional violation committed by a subordinate if the violation occurred "at a defendant's direction" or with his "knowledge or consent." *Mitchell*, 895 F.3d at 498. There is no factual content in the complaint from which the court can plausibly infer that Sheriff Gladieux was personally involved in the treatment of Mr. Davis's foot, that he directed the doctor to treat Mr. Davis as he did, or that he otherwise knew about or condoned the doctor's actions. The Sheriff will be dismissed as a defendant.

For these reasons, the court:

(1) DISCHARGES the order to show cause;

(2) GRANTS the plaintiff leave to proceed against Dr. Galprin (first name unknown) in his personal capacity for providing him objectively unreasonable medical care for a foot infection in December 2020 in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Officer Chad Ray and Sheriff Gladieux as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Galprin (first name unknown) at Quality Correctional Care and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS Quality Correctional Care to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) ORDERS Dr. Galprin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 16, 2021.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT